

———————

No. 3:12-CV-00273-CWR-FKB

CHARLES D. COLLINS,

*Plaintiff,*

*v.*

JACKSON PUBLIC SCHOOL DISTRICT

*Defendant.*

———————

ORDER DENYING PLAINTIFF'S MOTIONS TO SET ASIDE JUDGMENT
& FOR RECUSAL

———————

Before CARLTON W. REEVES, *District Judge*.

Four years ago, the Court closed this case by filing a judgment against Collins. Now, Collins has filed motions seeking to have the judgment set aside – and for the Court to recuse itself.

"Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabri-

cation of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."[1] Likewise, recusal is only necessary when a court "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible."[2]

Here, Collins has claimed that the Court engaged in truly egregious conduct that would make fair judgment of his case impossible – namely, the willful deletion, obfuscation, and plagiarizing of court documents by judicial staff. However, Collins has presented no evidence that supports this serious charge. Indeed, the expert reports he has submitted state as much.[3] Collins' motions are meritless, and will be DENIED WITH PREJUDICE.

SO ORDERED, this the 21st day of June, 2018.

s/ CARLTON W. REEVES
*United States District Judge*

---

[1] *Fierro v. Johnson*, 197 F.3d 147, 154 (5th Cir. 1999).

[2] *Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *see also Stringer v. Astrue*, 252 F. App'x 645, 648 (5th Cir. 2007).

[3] *See, e.g.,* Expert Report of Carole E. Chaski Regarding Authorship of the Ruling of Judge Carlton W Reeves, Docket No. 105-14 (finding "no evidence that Judge Reeves borrowed whole stretches" of language in judicial orders).